Deborah J. SWENSON, Appellant,

v.

**MANAGEMENT RECRUITERS INTERNATIONAL, INC.; David Marth, Appellees.**

**State of Minnesota, Amicus Curiae/Appellant.**

No. 87–5465.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1989.

Decided April 12, 1989.

---

Douglas A. Hedin, Minneapolis, Minn., for appellant.

Donald L. Goldman, Cleveland, Ohio, for appellees.

Before LAY, Chief Judge, and ARNOLD and BEAM, Circuit Judges.

LAY, Chief Judge.

An order was issued in this case on October 5, 1988, reversing in part and affirming in part the district court's order staying all issues subject to arbitration. *Swenson v. Management Recruiters Int'l, Inc.*, 858 F.2d 1304 (8th Cir.1988). Management Recruiters International, Inc. has filed a petition for rehearing and motion to dismiss for lack of jurisdiction pursuant to 28 U.S. C. § 1292(a)(1). Deborah Swenson has amended her notice of appeal to include 28 U.S.C. § 1291 as an additional basis for jurisdiction, and alternatively requests that the notice of appeal be considered an application for writ of mandamus under 28 U.S. C. § 1651. This court finds jurisdiction pursuant to section 1292(a)(1) and finds the district court's order to be a final order appealable under the collateral order doctrine. We therefore deny the motion to dismiss and the petition for rehearing.[1]

The order of the district court, from which the appeal was filed, was entered on October 7, 1987. On the main appeal the defendant did not challenge the jurisdiction of this court to hear the appeal. On March 22, 1988, the Supreme Court decided *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). The defendant now asserts that *Gulfstream* should apply to this appeal and that this court had no juris-

---

1. On November 19, 1988, the Judicial Improvements and Access to Justice Act ("Act"), Public Law 100–702, became law. Section 1019 of the Act amended the Federal Arbitration Act by adding a new section to title 9 of the United States Code. That section provides:

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 15.

This section appears to make orders denying a stay of proceedings pending arbitration appealable only under 28 U.S.C. § 1292(b). However, this section became effective the date of enactment of the bill, and does not apply to our October, 1988, decision.

diction to review the district court's refusal to stay arbitration. On the assumption that *Gulfstream* should apply to this appeal, we find that jurisdiction nonetheless existed for this court's previous review of the district court's order.

In *Gulfstream*, the Enelow–Ettelson doctrine was held to no longer be a proper basis for appellate jurisdiction under 28 U.S.C. § 1292(a)(1), which allowed immediate appeal of orders granting or denying a stay of judicial proceedings to allow arbitration. However, the Court noted that section 1292(a)(1) continues "to provide appellate jurisdiction over orders that * * * have the practical effect of granting or denying injunctions and have ' "serious, perhaps irreparable, consequence." ' " *Gulfstream*, 108 S.Ct. at 1142–43 (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981)); *see also Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420, 422 (4th Cir.1988). The moving party must show that the order appealed from will have serious, irreparable consequences, and can only be effectively challenged on immediate appeal. *Carson*, 450 U.S. at 84, 101 S.Ct. at 996–97.

We find that this case is distinguishable from the multitude of cases which find that appeals from orders granting or denying a stay pending arbitration are not immediately reviewable.[2]

In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), which we followed in our original opinion, the Supreme Court held that a plaintiff does not waive a cause of action under title VII by voluntarily submitting the claim to arbitration under a collective bargaining agreement. The Supreme Court expressly found that arbitration is poorly suited as a forum for the final resolution of rights created by title VII. In our initial review of this case we concluded that Congress in passing title VII demonstrated the intent "that arbitration is unable to pay sufficient attention to the transcendent public interest in the enforcement of Title VII." *Swenson*, 858 F.2d at 1307. We added that "Title VII mandates the promotion of the public interest by assisting victims of discrimination. The arbitration process may hinder efforts to carry out this mandate." *Id.* This court then found that Congress did not intend federal judicial proceedings in discrimination cases to be preempted by employment contracts containing arbitration clauses.

In our original opinion we held that any arbitration award regarding a discrimination claim could not be enforced since it would be against public policy.[3] However, whether the arbitration award is enforceable and whether it is immediately appealable may be different questions.[4] It is argued that the district court's stay of judicial proceedings pending arbitration is interlocutory and, notwithstanding the ex-

**2.** *See, e.g., Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169 (5th Cir.1988) (stay pending arbitration denied); *Zosky v. Boyer*, 856 F.2d 554 (3d Cir.1988) (stay granted pending arbitration); *VDA, DeFuertes v. Drexel, Burnham, Lambert, Inc.*, 855 F.2d 10 (1st Cir.1988) (stay granted pending arbitration); *Administrative Management Servs. Ltd. v. Royal Am. Managers, Inc.*, 854 F.2d 1272 (11th Cir.1988) (motion to compel arbitration denied); *McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761 (2d Cir.1988) (stay pending arbitration and motion to compel arbitration denied); *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196 (3d Cir.1988) (stay granted pending arbitration); *Crist v. Miller*, 846 F.2d 1143 (7th Cir.1988) (stay pending arbitration denied). *But see Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420 (4th Cir.1988) (order denying arbitration was appealable interlocutory order).

**3.** According to the forum selection clause of the employment contract at issue the arbitration proceeding would require plaintiff, a Minnesota citizen employed in Minnesota, to submit her claim to arbitration in the State of Ohio, the domicile of the home company.

**4.** *But see Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.* 861 F.2d 420 (4th Cir.1988) (holding that a refusal to compel arbitration was immediately reviewable, notwithstanding *Gulfstream* because "the advantages of arbitration—speed and economy—are lost forever." *Id.* at 422, (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir.1984)). Under such circumstances the court found interlocutory review was "truly needed" since practical effect of the order would have serious, perhaps irreparable consequences.

pense and inconvenience to the parties, some court (probably the state court in Ohio) could review its enforceability.

Here the question of enforceability of any arbitration award does not turn on the jurisdictional parameter of the contract. In this case, as we have written, compulsory arbitration could serve to thwart the mandate of the principles of title VII and the underlying state discrimination claim. As we previously noted in *Swenson:*

> *Alexander* noted that many arbitrators are not lawyers, and many of them may not possess the knowledge to resolve the complex legal questions that might arise under the antidiscrimination statutes. Arbitrators may be ill-equipped to handle questions of law such as the proper burden of proof or the appropriate legal standard to apply.

858 F.2d at 1306 n. 6 (citations omitted).

█ But more importantly courts should not recognize contracts that violate law or public policy. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 373, 98 L.Ed.2d 286 (1987). As the Supreme Court points up in *Misco:*

> That doctrine derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act, and is further justified by the observation that the public's interests in confining the scope of private agreements to which it is not a party will go unrepresented unless the judiciary takes account of those interests when it considers whether to enforce such agreements.

*Id.*

The bottom line is that the courts should not enforce a contract that violates some explicit public policy. *Hurd v. Hodge*, 334 U.S. 24, 35, 68 S.Ct. 847, 853, 92 L.Ed. 1187 (1948). By staying plaintiff's proceedings in the federal district court pending arbitration the district court has affirmatively en-forced the arbitration clause within the contract which on its face we found to violate public policy. We reject the argument that enforcement of the arbitration proceeding might be subsequently reviewable. If the award were later enforced not only would a court enforce a futile unlawful act, but we would have unwittingly engaged in a proceeding which may well frustrate plaintiff's discrimination suit. This is particularly true in this case, if plaintiff's challenge to the arbitration award would have to be pursued in the state court of Ohio.[5] The state court might reject plaintiff's policy arguments and enforce the award. Thus the federal district court's decision to stay the plaintiff's claim under the Minnesota Human Rights Act may indeed be "unreviewable if not appealed now," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983), because, if the state court found that the arbitration clause was enforceable, it presumably would be res judicata in the stayed proceedings of the federal district court in Minnesota. *See* 28 U.S.C. § 1738.

We have held the arbitration clause is not enforceable because it is against public policy. This policy is explicit and well defined. It can be ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." *W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183–84, 76 L.Ed.2d 298 (1983) (citing *Muschany v. United States*, 324 U.S. 49, 66, 65 S.Ct. 442, 451, 89 L.Ed. 744 (1945)).

█ On this basis we hold that the stay order is immediately appealable under section 1292(a)(1) since to do otherwise is to enforce an unlawful contract. Consistent with our original holding, we find review of the stay order in the present case to be

---

5. The contract incorporates the provisions of the Federal Arbitration Act and stipulates that the arbitration award may be enforced in either the state or federal court located in the district where the award is made. However, if the arbitration award is less than $50,000, plaintiff would not then have the requisite jurisdictional amount to assert federal diversity jurisdiction in the federal district court in Ohio. *See* 28 U.S.C. § 1332 (as amended by Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 201, 102 Stat. 4642, 4646 (1988)) (effective *180 days* after the date of enactment, November 19, 1988).

truly necessary since the practical effect of nonreview may have serious and perhaps irreparable consequences. *Gulfstream,* 108 S.Ct. at 1142–43.

Under this argument we also find that the collateral order doctrine is applicable. The district court's stay order thus would be reviewable under *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949). *Moses,* 460 U.S. 1, 103 S.Ct. 927. *Moses* found that the district court's stay pending state court resolution was also appealable under the exception to the finality rule, also known as the collateral order doctrine. *Moses,* 460 U.S. at 11–13, 103 S.Ct. at 934–35. The Court found that the *Moses* situation fulfilled the three part *Cohen* test. First, the order effectively refusing to adjudicate the merits presented an important issue separate from the merits. Second, once the state court determined the question of arbitrability that decision would be res judicata and the case would be entirely unreviewable in federal court. Third, the district court stay conclusively determined the question in dispute: the practical effect of the order amounted to a dismissal since the decision deferred to the state court determination.

The facts of our case also meet the three part test of *Cohen.* First, the order refusing to stay arbitration, therefore enforcing the arbitration clause within the contract, presents an important issue separate from the merits. Second, by allowing arbitration pursuant to the contract, enforcement of the award may very well be before the state court of Ohio. A state court determination of the legality of the arbitration clause will render the question res judicata in federal court. Third, under these circumstances the stay conclusively determined the question in that the order effectively amounts to a dismissal if the review would take place in Ohio state court. Therefore we find under the unusual circumstances of this case the stay order to be reviewable under the collateral

order doctrine.[6] The motion to dismiss the appeal for lack of jurisdiction is denied. The petition for rehearing is denied; by reason of this supplemental opinion by the panel the suggestion for rehearing en banc is rendered moot.

---

6. In view of our holding that the review may be obtained under section 1291(a)(1) and under the collateral order doctrine we need not review plaintiff's alternative claim that she is entitled to review by writ of mandamus.