**Richard ABERNATHY, et al.,
Plaintiffs–Appellees,**

v.

**SOUTHERN CALIFORNIA EDISON,
Defendant–Appellant.**

No. 88–15105.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 29, 1989.

Decided Sept. 5, 1989.

Cam Ferenbach and Kirby J. Smith, Las Vegas, Nev., for defendant-appellant.

Eva Garcia, Las Vegas, Nev., for plaintiffs-appellees.

Anthony R. Segall of Reich, Adell & Crost, Los Angeles, Cal., for counterdefendant-appellee.

Before TANG, REINHARDT and WIGGINS, Circuit Judges.

REINHARDT, Circuit Judge:

For over fifty years, the lower federal courts have been required to apply the interlocutory appeal doctrine known as the

*Enelow–Ettelson* rule to orders denying or granting stays pending arbitration and orders compelling arbitration. Although the courts of every circuit have displayed open hostility to the rule,[1] we have faithfully, if unhappily, applied the dictates of the Supreme Court and allowed parties dissatisfied with a district court's interlocutory order to appeal.[2] One of the consequences of this rule has been that arbitrations, favored because of their efficiency in resolving disputed claims, frequently hung in limbo while the parties drearily slogged through the appellate process.[3] Fortunately, in light of the Court's decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), we now have the opportunity to revisit the question of the appealability of stays pending arbitration and orders compelling arbitration. We now hold that, in the ordinary case, we have no jurisdiction to entertain appeals from such stays or orders.

## I. Background

In September, 1984, Southern California Edison (Edison) conducted a search of employee locker facilities in its Mohave Generating Station in Laughlin, Nevada. Plaintiffs, several hundred members of Local 246 of the Utility Workers Union of America ("the union"), filed an action in federal district court, detailing an extensive list of legal violations.[4] Edison, arguing that the claims should be submitted to arbitration under the Collective Bargaining Agreement, sought dismissal. The district court dismissed a portion of the complaint and stayed the remainder of the action. The court then ordered the parties to arbitrate the remaining claims. Neither party sought immediate appellate review of that order ("the February order").

Five and a half months later, counsel for the plaintiffs, in a letter filed with the trial court, requested the court to supplement the February order. She informed the court that, under the current arbitration procedures agreed upon by the union and Edison, only two arbitrations would be conducted each month. All the "stale" grievances, which included the 82 grievances filed in this case, would be postponed until complaints of more recent origin were arbitrated. Counsel estimated that, under the existing system, it would be between four and six years before the grievance process would be completed for the locker search complaints. The letter also noted that while the union had shown some flexibility in arranging a solution to the mounting backlog, Edison had been intransigent in the face of the plaintiffs' complaints. Consequently, plaintiffs requested that the court order the parties to expedite the arbitration process.

Judge Foley agreed to supplement the February order as follows; "[i]t is hereby ordered that each party shall cooperate in

---

1. In *Danford v. Schwabacher*, 488 F.2d 454, 455 (9th Cir.1973), we called the *Enelow–Ettelson* rule "a remnant from the jurisprudential attic." *See also Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir.1986) ("doctrine is arbitrary, mischievous, and devoid of contemporary utility"); *H.C. Lawton, Jr., Inc. v. Truck Drivers, Chauffeurs and Helpers Local Union No. 384*, 755 F.2d 324, 327 n. 2 (3d Cir.1985) ("rule ... lack[s] a rational basis"). As the Supreme Court has noted, every single circuit, with the exception of the Federal Circuit which has never had the opportunity to address the issues, has expressed serious doubts about the rationality of the doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1142 n. 11, 99 L.Ed.2d 296 (1988) (collecting cases).

2. *See, e.g., Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1421 n. 1 (9th Cir.1984).

3. *See, e.g., Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 305 (2d Cir.1967) ("Arbitration is often thought of as a quick and efficient method for determining controversies. Unfortunately, cases involving arbitration clauses sometimes are best remembered as monuments to delay because of the litigation and appeals antecedent to the actual arbitration").

4. Specifically, plaintiffs alleged violations of the collective bargaining agreement; the First, Fourth, Fifth, and Fourteenth Amendments; and the federal wiretapping statute. In addition, they sought relief under state law for the torts of intentional infliction of emotional distress, conversion, trespass to chattels, negligent infliction of emotional distress, invasion of privacy and for breach of contract. Edison counterclaimed against the plaintiffs and also impleaded additional members of the union's bargaining unit.

seeking to obtain expedited review of this matter by the arbitrator. Failure to so cooperate will subject the non-cooperating party to sanctions or contempt." Edison now seeks review of this amendment to the order. As we will explain below, Edison's appeal requires us to examine the amended order as a whole.

## II. Discussion

After Edison filed its appeal, we asked the parties to brief the question of our jurisdiction over stays pending, and orders compelling, arbitration. Since we are required to raise issues of jurisdiction *sua sponte*, we requested discussion of our jurisdiction after the 1988 Amendments to the United States Arbitration Act (USAA) and the Supreme Court's decision in *Gulfstream*. Edison specifically premised jurisdiction over its appeal on 28 U.S.C. § 1292(a)(1),[5] which provides the courts of appeals with jurisdiction over interlocutory orders granting or denying *injunctions*. Under the *Enelow–Ettelson* rule,[6] when a district court stayed a proceeding at law in order to hear an equitable defense or counterclaim, immediate appeal was available.[7] The rule served to classify orders granting or denying stays pending arbitration as injunctions and, thus, to permit their imme-

diate appeal under § 1292(a)(1). *See Alascom*, 727 F.2d at 1421.

■ In *Gulfstream*,[8] the Supreme Court decisively rejected the *Enelow–Ettelson* rule. "The case against perpetuation of this sterile and antiquated doctrine seems to us conclusive.... [O]rders granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under § 1292(a)(1)." 108 S.Ct. at 1142. The Court reasoned that, in the absence of the fiction created by the *Enelow–Ettelson* rule, the stay in *Gulfstream* would not be considered an injunction because it related only to the conduct of litigation before the district court and did not affect the substantive issues of the case. "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream*, 108 S.Ct. at 1138 (citing *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966)). Although *Gulfstream* did not involve an arbitration issue, the rule it announced has clear applicability here. In the wake of *Gulfstream*, every circuit that has considered the issue has concluded that an order *granting* a stay pending arbitration [9] is not directly appeal-

---

5. Section 1292(a)(1) provides, in relevant part: "[T]he courts of appeals shall have jurisdiction of appeals from:
    (1) Interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

6. *See Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 381–82, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935).

7. A classic formulation of the rule was provided by Chief Judge Tuttle in *Jackson Brewing Co. v. Clarke*, 303 F.2d 844, 845 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). "An order staying or refusing to stay proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; and (B) the stay was sought to

permit the prior determination of some equitable defense or counterclaim."

8. *Gulfstream* involved a stay pending resolution of state court litigation under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The opinion in *Gulfstream* was handed down several months before the appeal was taken in this case.

9. Our holding is strictly limited to the *grant* of a stay pending arbitration. We have no occasion to offer an opinion on the appealability of a *denial* of a stay pending arbitration. *See Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420 (4th Cir.1988). We note, however, that in *Kansas Gas*, the Fourth Circuit held that the denial of a stay pending arbitration was immediately appealable because of the irreparable harm to litigants denied the speed and economy of a timely arbitration proceeding. Such orders may, thus, well come within an exception noted by the *Gulfstream* Court, 108 S.Ct. at 1142.

able in the ordinary case.[10] In light of the rationale of *Gulfstream,* the universal criticism of the prior rule, and the unanimous decisions of those circuits which have considered the question post-*Gulfstream,* we feel no need to belabor the point.[11] We hold that an order granting a stay pending arbitration is not ordinarily an injunction within the meaning of § 1292(a)(1), and is not ordinarily appealable under that section.[12]

◼ We also, in agreement with the First and Third Circuits, conclude that an order compelling arbitration is not ordinarily appealable under § 1292(a)(1). *See Zosky,* 856 F.2d at 560–61; *VDA,* 855 F.2d at 11. The definition of injunction does not include "restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial." *International Prods. Corp. v. Koons,* 325 F.2d 403, 406 (2d Cir.1963) (Friendly, J.) (cited favorably in *Gulfstream,* 108 S.Ct. at 1138). A court ruling, like the February order, staying litigation and compelling arbitration principally relates to the procedural staging of the pending case and establishes the order in which the proceedings

will be conducted. Moreover, any other conclusion would breed a curious and, in light of the *Gulfstream* Court's attempt to impose some order on § 1292(a)(1), unjustified result. A stay pending arbitration forces a plaintiff either to arbitrate the dispute or to forego his legal remedies. Since the second option is almost always unacceptable, the stay has the same practical effect as an order compelling the party to arbitrate. We think it unlikely that the meaning of injunction within § 1292(a)(1) would turn not on the substance but on the form of the trial court order. *See In re Bowoon Sangsa Co.,* 720 F.2d 595, 597 (9th Cir.1983) ("[c]ourts examine the effect of an interlocutory order rather than its terminology ...").[13]

The fact that the order compelling arbitration is not an injunction within the meaning of § 1292(a)(1) may not end our inquiry. There is still the question of irreparable injury. In *Gulfstream,* 108 S.Ct. at 1142, the Supreme Court said:

"Section 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of denying injunctions and have ' "serious,

---

**10.** *See, e.g., Zosky v. Boyer,* 856 F.2d 554 (3d Cir.1988) (stay granted pending arbitration) *cert. denied,* —— U.S. ——, 109 S.Ct. 868, 102 L.Ed.2d 992 (1989); *VDA, DeFuertes v. Drexel, Burnham, Lambert, Inc.,* 855 F.2d 10 (1st Cir. 1988) (stay granted pending arbitration); *Commonwealth Ins. Co. v. Underwriters, Inc.,* 846 F.2d 196 (3d Cir.1988) (stay granted pending arbitration); *cf. Swenson v. Management Recruiters Int'l, Inc.,* 872 F.2d 264 (8th Cir.1989) (distinguishing cases).

**11.** We find indirect support for our position in the provisions of the Judicial Improvements and Access to Justice Act of 1988 that were recently enacted as amendments to the United States Arbitration Act, 9 U.S.C. § 15. As a general rule, the Arbitration Act as amended permits appeals from orders that give litigation precedence over arbitration and prohibits appeals from rulings that give arbitration precedence over litigation. *See* C. Wright, A. Miller & E. Cooper, 16 *Federal Practice and Procedure* § 3923 (1989 Supp.). However, labor arbitrations are not governed by the provisions of the USAA. Thus, the recent amendments to the Act do not directly control our decision. Nevertheless, the amendments do reflect renewed Congressional support for the arbitration process as well as continued opposition to piecemeal judi-

cial appeals. The amendments to the Arbitration Act, the elimination of the *Enelow–Ettelson* doctrine, and the decision we issue here all facilitate and improve the arbitration process.

**12.** We do not suggest that there are not exceptions to the rule or that there are no circumstances that would warrant affording a § 1292(a)(1) appeal in a case involving the granting of a stay. *See Gulfstream,* 108 S.Ct. at 1142–43. We note for example, but without commenting on the decision, that the Eighth Circuit has found such an exception for an arbitration dealing with an alleged Title VII violation. *See Swenson,* 872 F.2d at 266.

**13.** We recognize that under *§ 1291* an order compelling arbitration may be immediately appealed if it is the complete relief sought. *See Goodall–Sanford, Inc. v. United Textile Workers of Am., A.F.L. Local 1802,* 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957), *infra* n. 18. We also recognize that permitting direct appeals of such orders is inconsistent with the policies underlying the arbitration process. Nevertheless, until the Supreme Court or Congress acts, the final judgment cases require such an outcome.

perhaps irreparable, consequences." ' ... As for orders that were appealable under § 1292(a)(1) solely by virtue of the *Enelow–Ettelson* doctrine, they may, in appropriate circumstances, be reviewed under the collateral-order doctrine of § 1291." (citations omitted).[14]

However, it seems clear that an order compelling arbitration does not ordinarily harm the losing party irreparably. *Zosky*, 856 F.2d at 561. If the party claiming the case is not arbitrable also loses the arbitration, he can be expected to return to the district court to challenge the award after it is issued. Following a final judgment in the district court, the aggrieved litigant may then seek appellate review of the entire case, including plenary review of the initial order compelling arbitration. Of course, if the litigant was justified in contending that arbitration was incorrectly ordered in the first place, he will have needlessly incurred the cost of arbitration. However, "this type of inconvenience resulting 'when a sound defense interposed early in a litigation is erroneously rejected' is the price of the final judgment rule and does not constitute irreparable harm." *VDA*, 855 F.2d at 12 (quoting *Crist v. Miller*, 846 F.2d 1143, 1144 (7th Cir.1988)). Thus, considerations regarding irreparable injury in no way

change our conclusion that Edison could not have sought immediate review of the order compelling arbitration.[15]

Edison argues, however, that even if the stay pending appeal or the order compelling arbitration cannot be properly styled as injunctions, the modification to the February order constitutes a separate injunction that fits within the definition of § 1292(a)(1). We disagree with appellant's characterization of the orders below. The disputed order is an amendment to the February order requiring arbitration and must be read in concert with the underlying mandate. *But cf. Limbach Co. v. Gevyn Construction Corp.*, 544 F.2d 1104, 1107 (1st Cir.1976), *cert denied*, 430 U.S. 916, 97 S.Ct. 1328, 51 L.Ed.2d 594 (1977). Read together, the revised order instructs the parties to arbitrate in an expeditious manner and to handle the dispute efficiently prior to its return to the district court. We think that, for purposes of appealability, an order compelling efficient arbitration is no different from an order compelling arbitration.[16]

Even were we to view the amendment as a separate order, we would not treat it as an injunction within the meaning of § 1292(a)(1). The amendment in this case reflects the trial court's rightful concern

---

14. We confess to a certain amount of uncertainty about this part of the Supreme Court's *Gulfstream* decision. Ordinarily, since an injunction is defined not by its title but by its effect on the litigants, *Bowoon Sangsa*, 720 F.2d at 597, it would be assumed that an order that has the practical effect of an injunction is an injunction for the purposes of § 1292(a)(1). Whether an injunction has a serious or irreparable effect would seem to be irrelevant under the language of the interlocutory appeals statute. It is not clear then exactly what the Court had in mind when it appeared to say that orders had to have both the practical effect of an injunction *and* serious or irreparable consequences. *See* C. Wright, A. Miller & E. Cooper, 16 *Federal Practice and Procedure* § 3924 (1989 Supp.) (arguing that the rule might apply only when the trial court has *refused* to grant an injunction). However, as a practical matter, the federal courts have tended to collapse the serious or irreparable harm test into the *Cohen* collateral order inquiry and treat them as identical tests. *See Zosky*, 856 F.2d at 561. Edison has not relied on the *Cohen* test here, although we would not hesitate to find jurisdiction lacking, even in the

face of a *Cohen* claim. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

15. We note that the considerations may be different in cases in which the court refuses to stay the judicial proceedings or to order arbitration. There, the parties may be deprived of one of the principal benefits of the bargained-for arbitration process—a speedy and efficient dispute resolution procedure—and may be compelled to litigate the merits of their dispute in a forum they agreed to avoid. Thus, the argument regarding "serious ... consequences" is far stronger in the context of refusals to stay judicial proceedings pending arbitration or to enforce an arbitration agreement.

16. Arbitration is favored in federal court because of its "simplicity, informality, and expedition." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). *See also United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

with the control of its calendar, and an appropriate interest that cases filed in federal court not be frustrated by foot-dragging of the parties. A district court may, in its managerial capacity over its docket, compel the litigants to carry out an arbitration agreement in a manner consistent with its own calendar requirements. We think that this type of order concerning the conduct of the parties does not affect the substantive issues presented and relates solely to the orderly progress of the case towards trial. *See Switzerland Cheese,* 385 U.S. at 25 n. 3, 87 S.Ct. at 195 n. 3; *Peter Pan Fabrics, Inc. v. Dixon Textile Corp.,* 280 F.2d 800, 805–06 (2d Cir.1960) (Clark, J.) (dissenting).[17]

Our conclusion in this regard is fortified by the First Circuit's decision in *Limbach,* 544 F.2d at 1108. In that case, the trial court compelled the parties to enter arbitration. Five years after the initial order, the district court, unhappy with the progress of the case, ordered the parties to complete arbitration within 60 days. The defendant sought appellate review of the order. The First Circuit concluded that orders that do not touch the merits of the litigation and relate only to pretrial procedures stand outside the scope of § 1292(a). *Id.* We are unable to distinguish the amendment in this case from the *Limbach* order.

Appellant suggests, however, that this case is appropriate for immediate appeal because of the serious, indeed irreparable, effect that the order to expedite would have on its labor arbitration system. Edison thus attempts to wedge its appeal into the serious or irreparable injury exception discussed in *Gulfstream* by marching a parade of horribles through the court. In appellant's eyes, the district court's order would subvert its entire system of arbitration, displace from line those claimants who have waited years to have their case presented to a neutral arbitrator, and wreak havoc upon the carefully constructed relationship between Edison and the union.

We find appellant's arguments wholly unconvincing. Nothing in the order precludes Edison from arranging for the employment of another arbitrator and processing the claims involved in the current litigation separately from the other arbitrations and expeditiously. Certainly, such a plan could be arranged without postponing the hearings of other employees seeking redress against the company. The district court's supplemental order only requires the parties to cooperate and negotiate in good faith towards achieving some type of equitable and efficient arbitration of appellees' claims. If, after discussions, it becomes clear—although we see no reason why it should—that no practical solution presents itself to the problems posed by the backlog of employee grievances, then the parties are free to return to the district court for clarification. In this circumstance, we are unable to comprehend how Judge Foley's order could constitute a dramatic or untoward intervention into Edison's labor arbitration procedures.[18] The appeal is dismissed for lack of jurisdiction.

---

**17.** Edison relies heavily on the fact that Judge Foley noted that violators of the order would be subject to contempt. We, however, attach little significance to the comment. Violators of court orders are almost always subject to contempt sanctions. *See In re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722 (9th Cir. 1989). The fact that Judge Foley chose to remind the parties of the obvious is, we think, of little moment. *See* C. Wright, A. Miller, E. Cooper & E. Grossman, 16 *Federal Practice and Procedure* § 3922 (1977) (citing *Taylor v. Board of Educ. of New Rochelle,* 288 F.2d 600, 604 (2d Cir.) (Friendly, J.), ("[E]ven if the order was intended to carry contempt sanctions ... a command that relates merely to the taking of a step in a judicial proceeding is not generally regard-

ed as a mandatory injunction ...") *cert. denied,* 368 U.S. 940, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961)).

**18.** Edison does not claim that either the stay or its amendment constitutes a final order appealable under § 1291. As we have noted, an order compelling arbitration may be immediately appealed if it is the full relief sought. *See Rogers v. Schering Corp.,* 262 F.2d 180, 182 (3d Cir.) (en banc), *cert. denied,* 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959). *See also Goodall–Sanford, Inc. v. United Textile Workers,* 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957). However, when the order staying the proceeding or compelling arbitration is only one step in the judicial proceedings and the case can be expected to return to the district court, the order is nonfinal

Appellees, in their supplemental brief on the jurisdictional issues, have requested that we assess attorneys' fees and double cost against Edison for filing a frivolous appeal. We are sympathetic to their request. Edison's litigation strategy has had the effect of requiring its underfinanced opponent to assume considerable expense in presenting its case to this court. Briefing, argument preparation, and counsel's travel expenses constitute a considerable financial burden for the individual plaintiffs in this case. We nonetheless decline to impose sanctions on Edison. At the time of filing, there was no circuit precedent on the dispositive jurisdictional point. In addition, though appellant's substantive claim appears to border on the frivolous, the argument is not so completely without foundation that it is sanctionable. With some reluctance, we hold that appellant's appeal was not frivolous within the meaning of Fed.R.App.P. 38.

### III. Conclusion

The arbitration agreements between Edison and its unions exist so that the parties can efficiently and speedily resolve disagreements. When protracted appeals are taken from a district court order that seeks only to enforce the arbitration agreement, the underlying purpose of arbitration is frustrated. Section 1292(a)(1) does not require such a result.

DISMISSED FOR LACK OF JURISDICTION

and not subject to immediate appeal. *Rogers,* 262 F.2d at 182. *See supra* n. 13.