951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence C. KRAIN, M.D., Plaintiff-Appellant,
v.
Henry WAGNER; David Kuhl; Jan Fawcett; Mark Slutsky; et
al., Defendants-Appellees.
 No. 90-56210.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 23, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence C. Krain appeals pro se the district court's orders (1) dismissing his claims against fourteen defendants for failure of proof of service, and (2) dismissing his claims against defendant Kagen for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We dismiss this appeal for lack of appellate jurisdiction.
 
 
 3
 We raise sua sponte the issue of our jurisdiction to hear this appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. § 1291, this court has jurisdiction over appeals from final orders of the district court. A district court order which dismisses an action as to only some of the defendants is not a final order pursuant to 28 U.S.C. § 1291. Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822 and 484 U.S. 823 (1987); Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir.1980). Such an order is not appealable without district court certification pursuant to Fed.R.Civ.P. 54(b). Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). Nevertheless, an order which disposes of only some of the claims may be treated as final if the remaining claims have subsequently been finalized. Unioil, 809 F.2d at 554.
 
 
 4
 Here, Krain initially filed his action against 44 defendants. On September 21, 1990, the district court entered an order dismissing Krain's action against 13 defendants[1] for failure of proof of service. Krain filed a notice of appeal from that order on October 9, 1990. On October 9, 1990, the district court dismissed Krain's claims against Kagen for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Krain filed an amended notice of appeal from both orders on October 17, 1990. Subsequently, the district court issued orders dismissing Krain's claims against 15 of the remaining defendants.[2] Krain's claims against the other 15 defendants remain to be decided.[3]
 
 
 5
 The district court orders of September 25 and October 9, 1990 are not final appealable orders because they did not dispose of all claims against all parties. See Unioil, 809 F.2d at 554. Further, the district court's subsequent orders of dismissal did not serve to finalize the previous orders because the entire action was not terminated. See id. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The action was dismissed with prejudice against Seigel, Del Mastro, Van de Kamp, Penne, Gates, Forman, Colson, Rose, Romm, California State Bar Association, Comprehensive Care Corporation, J.M.I. Medical Research, and West Coast Video. The United States also was named as a defendant dismissed in this order. However, the United States joined a subsequent motion to dismiss and therefore is not counted here
 
 
 [2]
 The court dismissed Krain's claims against Nelson, Boochever, Goodwin, Sessions, Revell, Feess, Bonner, Catterson, Wilson, the FBI, the CIA, the United States, Los Angeles County Medical Association, Ullrich, and Wagner
 
 
 [3]
 Krain's claims against Dam, Slutsky, Kuhl, Fawcett, Cavenaugh, Rush-Presbyterian St. Luke's Hospital, Alt, Kuhs, Gartner, Paradise, Smith Medical Research, Butler, Wolters, University of Michigan Hospital, and J & G Edgewater Video have not been decided