962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James William MORRIS, Plaintiff-Appellant,
v.
THE FEDERAL BUREAU OF INVESTIGATION; United States of
America, Defendants-Appellees.
 No. 90-55694.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 11, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, MACBRIDE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The district court, acting sua sponte, dismissed Morris' pro se complaint against the FBI for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1] The court ruled that Morris' complaint, which consisted of 54 unnumbered pages of single-spaced, handwritten narrative, did not contain a "short and plain statement" of Morris' claims.[2] The dismissal order requires Morris to obtain permission from the district court before filing any further complaints. Morris appeals.
 
 
 4
 We raise sua sponte the issue of our jurisdiction to hear this appeal. See Abernathy v. Southern California Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. § 1291, this court has jurisdiction over appeals from final orders of the district court. "Ordinarily an order dismissing the complaint rather than dismissing the action is not a final order and thus not appealable. However, if it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable." Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987) (citation and internal quotation marks omitted). Here, the district court dismissed Morris' pleading, not his entire action, and the dismissal order allows Morris to file an amended complaint if he receives permission from the court. Cf. id. (failure to allow leave to amend supports inference dismissal was intended to be final). Further, the failure to present a "short and plain statement" is the type of deficiency easily cured by amendment. Cf. id. at 1514-15 (reason for dismissal could not be cured by amendment, evincing intention that dismissal be final). We conclude the dismissal of the complaint based on Rule 8 was not intended as a final order, and we therefore lack jurisdiction to review it.
 
 
 5
 The district court's order ends by stating: "Plaintiff may not file an amended complaint without first obtaining an order permitting the filing of further complaints in this court." We do have jurisdiction to review an order restricting future filings by a litigant, and Morris' appeal on this issue is ripe. Moy v. United States, 906 F.2d 467, 469-70 (9th Cir.1990); De Long v. Hennessey, 912 F.2d 1144, 1146 n. 2 (9th Cir.1990).
 
 
 6
 Before a district court issues a pre-filing order, the following requirements must be met: (1) the litigant must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of the particular litigant. Id. at 1147-48. Because the district court did not comply with these procedures in entering the pre-filing order, we vacate this portion of its order, and remand so the district court can follow the procedures set forth in De Long, which was decided after dismissal of Morris' complaint.
 
 
 7
 We vacate only the pre-filing order, not the dismissal of the complaint. Each side shall bear its own costs on appeal.
 
 
 8
 DISMISSED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Thomas J. MacBride, United States District Court for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 8(a) provides in pertinent part:
 A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
 
 
 [2]
 In Morris v. FBI, No. 90-55813, 1991 U.S.App. LEXIS 1296 (9th Cir. Jan. 28, 1991) (unpublished memorandum disposition), we affirmed the dismissal, pursuant to 28 U.S.C. § 1915(d), of a similar in forma pauperis complaint by Morris as frivolous. This time Morris paid the filing fee