999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Henry JONES, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 92-56331.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Henry Jones, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We dismiss the appeal for lack of jurisdiction.[1]
 
 
 3
 The district court entered judgment dismissing the petition on April 27, 1992. On May 3, 1992, Jones served a motion for reconsideration. On May 18, 1992, Jones filed his notice of appeal. The district court denied Jones's motion for reconsideration on May 21, 1992.
 
 
 4
 We construe Jones's motion for reconsideration as a motion pursuant to Fed.R.Civ.P. 59(e). See United States v. Nutricology Inc., 982 F.2d 394, 397 (9th Cir.1992) (post-judgment motion that could have been brought under Rule 59(e) is properly construed as a Rule 59(e) motion, if brought within ten days of judgment); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 585-86 (9th Cir.1993) (timeliness of Rule 59(e) motion for reconsideration measured from date of service). Because Jones filed his notice of appeal while a Rule 59(e) motion for reconsideration was pending in the district court, the notice of appeal was ineffective. See Fed.R.App.P. 4(a)(4); Hollywood v. City of Santa Maria, 886 F.2d 1228, 1230 (9th Cir.1989). Jones did not file another notice of appeal within thirty days of the district court's denial of his Rule 59(e) motion. See Fed.R.App.P. 4(a)(4) (appellant who files premature notice of appeal must file new notice of appeal within thirty days of district court's order disposing of motion). Accordingly, we have no jurisdiction to consider his appeal. See Allah v. Superior Court, 871 F.2d 887, 890 n. 1 (9th Cir.1989) (timely notice of appeal is jurisdictional).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neither party raised the jurisdictional issue. However, we consider our jurisdiction sua sponte. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989)