15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy Joseph MURPHY, Plaintiff-Appellant,
v.
Rocky WARREN; Larry Newman; Curt Landry, Tim Sands; Jack
Shelly; Martha Davis; Geri Bray, Defendants-Appellees.
 No. 92-16048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Joseph Murphy appeals the district court's summary judgment in favor of Placer County Sheriff's Deputies Rocky Warren, Larry Newman, and Curt Landry in Murphy's 42 U.S.C. Sec. 1983 action alleging that the deputies maliciously prosecuted Murphy. We dismiss the appeal for lack of appellate jurisdiction.
 
 
 3
 On November 14, 1990, Murphy filed a complaint against Warren, Newman, Landry, Tim Sands, Jack Shelly, Martha Davis, and Geri Bray. On March 13, 1991, Murphy filed an amended complaint against the same defendants. On February 24, 1992, defendants Warren, Newman, Landry, Sands, Shelly, and Bray moved for summary judgment. On March 16, 1992, the district court dismissed with prejudice Murphy's action against Sands, Shelly, and Bray. On May 4, 1992, the district court granted the February 24 motion for summary judgment as to defendants Warren, Newman, and Landry. The district court clerk filed judgment the same day. On June 1, 1992, Murphy filed his notice of appeal. Neither Murphy nor any defendant requested certification under Fed.R.Civ.P. 54(b).
 
 
 4
 We raise sua sponte the issue of our jurisdiction to hear this appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989). Under 28 U.S.C. Sec. 1291, this court has jurisdiction over appeals from final orders of the district court. A district court order dismissing an action as to only some of the defendants is not a final order under 28 U.S.C. Sec. 1291. See Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822, 823 (1987); Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir.1980). "This is true even if, as here, the jurisdiction issue is raised by neither of the parties." Anderson, 630 F.2d at 680. Such an order is not appealable without district court certification pursuant to Fed.R.Civ.P. 54(b). Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 5
 Here, the district court granted the summary judgment motion brought by Warren, Newman, Landry, Sands, Shelly, and Bray. The district court order is not a final appealable order, however, because it did not dispose of Murphy's claims against defendant Davis. See Unioil, 809 F.2d at 554; Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981). Further, we decline to remand to the district court for consideration of whether certification under Rule 54(b) would be appropriate. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3