26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed K. NAGIN, Plaintiff-Appellant,
v.
OWENS-BROCKWAY GLASS CONTAINERS, A DIVISION OF
OWENS-ILLINOIS, INC.; Local 177, Glass, Molders,
Pottery, Plastics & Allied Workers
International Union,
Defendants-Appellees.
 No. 93-16916.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammed K. Nagin appeals the district court's dismissal for failure to comply with Fed.R.Civ.P. 4 of his complaint alleging claims under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, against both his employer, Owens-Brockway Glass Containers (Owens), and his union, the Glass, Molders, Pottery, Plastics & Allied Workers International Union, Local 177 (Union).[1] Nagin contends the district court erred by finding that he had failed to effect proper service on Owens within the time period prescribed by Rule 4(j) and that he had failed to show good cause for his failure to do so. We conclude that we do not have jurisdiction under 28 U.S.C. Sec. 1291 to review the district court's order, and dismiss Nagin's appeal.
 
 
 3
 We raise sua sponte the issue of our jurisdiction to hear this appeal. See Abernathy v. Southern California Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. Sec. 1291, we have jurisdiction over appeals from final orders of the district court. Where, as here, only one party is dismissed but the action is not terminated as to other parties, the dismissal does not constitute a final appealable order. See Fed.R.Civ.P. 54(b); Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822 and 484 U.S. 823 (1987).
 
 
 4
 Furthermore, the district court did not make any of the required findings under Fed.R.Civ.P. 54(b) certifying as appealable the interlocutory order dismissing Owens. In the absence of a Rule 54(b) certification, we are without jurisdiction to consider Nagin's claims. See Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nagin claimed that Owens violated the collective bargaining agreement when it fired him for fighting with a co-worker and that the Union breached its duty of fair representation by failing to pursue his grievance diligently