MEMORANDUM **
Appellants assert this court has jurisdiction over the present appeal pursuant to 28 U.S.C. § 1292(a)(1), which states, “courts of appeals shall have jurisdiction of appeals from: [ijnterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions .... ” Construing the statute narrowly, this court has held that § 1292(a)(1) authorizes appellate jurisdiction over orders granting an injunction and orders that have the practical effect of granting an injunction. See Orange County v. Hongkong & Shanghai Banking Corp., 52 F.3d 821, 825 (9th Cir.1995); Gon v. First State Ins. Co., 871 F.2d 863, 865 (9th Cir.1989). The parties dispute whether the challenged order grants an injunction or has the practical effect of doing so.
An injunction is “an order that is [1] directed to a party, [2] enforceable by contempt, and [3] designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion.” Gon, 871 F.2d at 865 (footnote omitted). The appealed order fails to meet the first and third requirements. First, the order is directed at only Appellants’ counsel and not at Appellants themselves. Second, the order did not grant any of the substantive relief sought in the complaint. Moreover, even if the order “protect[ed]” the relief sought in the complaint, it did so in a “temporary fashion.” See id. Therefore, the order is not an injunction for purposes of § 1292(a)(1).
An order that does not grant an injunction may still be appealable under § 1292(a)(1) if it (1) has the “practical effect” of granting an injunction, (2) has “serious, perhaps irreparable consequences,” and (3) “can be effectively challenged only by immediate appeal.” Orange County, 52 F.3d at 825 (internal quotation marks omitted); see Abernathy v. S. Cal. Edison, 885 F.2d 525, 528-29 (9th Cir.1989). “In determining whether an order has the practical effect of granting ... an injunction, we evaluate the order in light of the essential attributes of an injunction^ which] are that it is (1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint....” Orange County, 52 F.3d at 825 (internal quotation marks omitted). As discussed above, the order here does not meet the first and third requirements. Moreover, “an order by a court that regulates the conduct of the litigation ... is not considered an injunction for purposes of appellate jurisdiction.” Gon, 871 F.2d at 865-66; see also Switzerland Cheese Ass’n v. E. Horne’s Mkt., Inc., 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); Abernathy, 885 F.2d at 527. The district court’s order sought to preserve the status quo until it scheduled a hearing to discuss substantive concerns it had about the case, and the order related to counsel’s conduct and to the progress of litigation of the claims before the court. Finally, because the order applies only to counsel and does not preclude Appellants or the bankruptcy court from taking action in Delaware, the consequences of the order are not serious *778 and irreparable. See Orange County, 52 F.3d at 827. Accordingly, the challenged order is not appealable under § 1292(a)(1).
Appellants alternatively ask this court to issue a writ of mandamus. Five factors are typically examined when deciding whether mandamus is proper:
(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.... (3) The district court’s order is clearly erroneous as a matter of law. (4) The district court’s order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court’s order raises new and important problems, or issues of law of first impression.
DeGeorge v. United States Dist. Court for the Cent. Dist. of Cal, 219 F.3d 930, 934 (9th Cir.2000) (citation omitted).
The circumstances presented here potentially provide support for an application for mandamus relief. Although the order is directed towards actions by counsel and does not by its terms prevent Appellants from taking action, this case is a putative class action. Appellants were named as defendants in the Delaware bankruptcy action to represent a class of Montana Power shareholders because they presented themselves as potential class representatives in this action. As class representatives, they may not really be free or able to act for themselves, and there is evident potential to disrupt the other proceeding. The court must be aware of and give due consideration to the interests of plaintiffs and the putative class members. Appellants have not persuaded us that mandamus relief is appropriate in this particular case, however. “A writ of mandamus is an extraordinary or drastic remedy,” and the party seeking mandamus “has the burden to establish that its right to issuance of the writ is clear and indisputable.” Id. (internal quotation marks omitted). In this instance, Appellants have not directly addressed the mandamus factors and have not established, among other things, that the district court’s order is clearly erroneous as a matter of law or manifests a persistent disregard of the federal rules. Therefore, Appellants have not met their “burden to establish that [their] right to issuance of the writ is clear and indisputable.” See id. (internal quotation marks omitted).
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.