Harvey ROBBINS, Plaintiff, Appellee,

v.

GEORGE W. PRESCOTT PUBLISHING CO., INC., et al., Defendants, Appellants.

No. 79–1662.

United States Court of Appeals, First Circuit.

Argued Jan. 10, 1980.

Decided Jan. 18, 1980.

Richard A. Perras, Boston, Mass., with whom Deutsch, Weintraub & Glazerman, P. C., Boston, Mass., was on memorandum, for defendants, appellants.

Paul A. Schneiders, Canton, Mass., for plaintiff, appellee.

Before ALDRICH, CAMPBELL and BOWNES, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an action for breach of contract, and for the tort of maliciously inducing breach of contract, filed initially in the state court by Harvey Robbins, naming as defendant George W. Prescott Publishing Company, Inc. (hereinafter the employer), publisher of The Patriot Ledger, a Massachusetts daily newspaper, and a number of its management employees. The action was removed by defendants to the district court under 28 U.S.C. § 1441(b) on the ground that it was an action for violation of a collective bargaining contract between an employer and a labor organization representing employees in an industry affecting commerce. Plaintiff alleges that he was employed as a leading sports writer and that, for improper reasons, the employer

reassigned him to a lesser position; that he refused to accept this reassignment, and sought grievance procedures under the collective bargaining contract, and that he refused to carry out his new duties pending completion of these procedures. Because of this refusal the employer discharged him and thereafter, rather than seek to grieve the discharge, he instituted this action.

The defendants, in due course, moved for summary judgment on the ground that plaintiff was obliged to follow the grievance procedures, which would lead to arbitration rather than a lawsuit. The employer represented to the court, and to the plaintiff in a letter in identical terms, that it was "willing . . . to resolve the question of Mr. Robbins' discharge and/or any other grievances through the grievance and arbitration procedure provided by the collective bargaining agreement." The court, in a considered opinion, D.Mass., 1978, 457 F.Supp. 915, granted summary judgment dismissing the contract claim, and held the tort action in abeyance pending the grievance procedure.

We assume that the court expected that arbitration would ensue. Thereafter, however, the union, which was not a party to the lawsuit, considered plaintiff's contract claim and its board "voted not to pursue the matter to arbitration." Since, under the contract, the union initiates arbitration on behalf of the employee, and the employee has no power to do so individually, *Black-Clawson Co. v. International Ass'n of Machinists*, 2 Cir., 1962, 313 F.2d 179, no arbitration took place. Plaintiff returned to the court and renewed his claims for relief. Defendants objected that under the grievance procedure an employee complaint is terminated if the union concludes not to go ahead with it, in the absence of bad faith conduct on the union's part. This was correct. *Hayes v. New England Millwork Distributors, Inc.*, 1 Cir., 1979, 602 F.2d 15.

Plaintiff did not contend then, and has not contended since, that the union acted in bad faith. Plaintiff had filed the suit without even asking the union to grieve. In an affidavit filed after the union's eventual refusal to invoke arbitration, all plaintiff says is that the union gave no reason for its refusal, but he became "convinced that the union can see no benefit to itself or its members by engaging in costly arbitration procedure and for that reason refused to do so." This does not meet plaintiff's burden of showing that the union acted otherwise than in an honest decision that the "grievance lacks sufficient merit to justify arbitration." *Vaca v. Sipes*, 1967, 386 U.S. 171, 192–93, 87 S.Ct. 903, 918, 17 L.Ed.2d 842.

The court thereupon, in a memorandum dated November 13, 1979, stated that the employer had undertaken "to resolve the dispute through arbitration," and that by its failure to do so it was "play[ing] fast and loose with this Court by hiding behind the union's refusal to initiate arbitration." The court ordered the employer to arbitrate. Defendants appealed. After the district court denied a stay pending appeal, we entered an order calling for oral argument on the further motion for stay presented to us, stating that, at the same time, we would consider such other matters as might be appropriate. The first question is that of our jurisdiction. We will defer that for a moment, and view the merits.

■ The Supreme Court has made it abundantly clear that arbitration is the preferred route for the resolution of labor disputes. *United Steelworkers of America v. American Mfg. Co.*, 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. Plaintiff's resort to the courts, instead of following the grievance procedure, was improper.[1] The lawsuit was

---

1. It is possible that the union declined to arbitrate plaintiff's discharge because plaintiff's failure to comply with his reassignment while the reassignment was being grieved was not in accord with accepted procedure and warranted the discharge.

premature.[2] The court had no power to compel the employer to arbitrate. At best its power was limited to requiring the employer to observe and follow the grievance procedures. If those procedures properly terminated short of arbitration, that should have been the end of the matter. *Hayes v. New England Millwork Distributors, Inc.*, ante. The court, however, apparently felt that it was not the end because the employer had broken an agreement.

We need not decide under what circumstances, if any, a court, in an action which was premature on its face, can obtain and enforce an agreement enlarging an employer's obligations under a collective bargaining agreement. That is not this case. Rather, the employer stated, simply and exactly, that it was willing, and undertook, to follow the contractual procedures. This did not mean arbitrate when the procedures did not call for it. The court's ordering the employer to reopen an issue already terminated in its favor was erroneous and, as a labor matter was involved, beyond the court's jurisdiction.

The same reasoning applies to the tort action. Plaintiff properly conceded that his tort claim depended upon there having been a breach of contract. Plaintiff could not sue for such a breach. Neither could he sue for inducing a breach that had not been established. To adopt the court's phrase, it was plaintiff, not the employer, who was seeking "to play fast and loose;" to hold fast to the contract (without which he would have had no cause of action) and, at the same time, to play loose with its terms.

We address, finally, the subject of our appellate jurisdiction. The question whether refusal to stay an order requiring arbitration is appealable has drawn various responses. *See* discussion in *New England Power Co. v. Asiatic Petroleum Corp.*, 1 Cir., 1972, 456 F.2d 183. Here we prefer to go to the jugular, and consider the appeal from the order itself. Such an order may be analogous to an injunction, and thus appealable under 28 U.S.C. § 1292(a)(1). *City of Naples v. Prepakt Concrete Co.*, 5 Cir., 1974, 490 F.2d 182, 184 & n.7, *cert. denied*, 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71. Furthermore, since the court ordered arbitration of "both the plaintiff's tort claims and his contract claims," it could be thought that nothing was left for the court but supervision, so that there was, in effect, a final order under section 1291. *See New England Power Co. v. Asiatic Petroleum Corp.*, ante, at 188; *County of Middlesex v. Gevyn Constr. Corp.*, 1 Cir., 1971, 450 F.2d 53, *cert. denied*, 405 U.S. 955, 92 S.Ct. 1176, 31 L.Ed.2d 232 (appealability assumed without discussion); *Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba*, 2 Cir., 1957, 243 F.2d 342, 344–45. But if this all be flawed, we have a further consideration. In the absence of special reasons, federal courts should not interfere with the orderly process of collective bargaining relations. The impropriety of this interference invokes our special jurisdiction.

"Mandamus is appropriate to correct the improper assumption of judicial power by a district court or to correct a clear abuse of discretion." *USM Corp. v. GKN Fasteners, Ltd.*, 1 Cir., 1978, 574 F.2d 17, 23.

This case is, in itself, a small matter. However, the concept that an individual employee can, at will, throw a wrench into the grievance procedure under a collective bargaining agreement is a serious one, and calls for drastic treatment. The action is remanded and ordered dismissed.

---

**2.** The court conceded as much. In its November 13 memorandum it stated that its prior order of summary judgment for defendants on the contract claim had been "without prejudice" because "this Court lacked jurisdiction because the plaintiff had failed to exhaust his contractual remedies."