Isabel Romeu VDA, DE FUERTES, et al., Plaintiffs, Appellants,

v.

DREXEL, BURNHAM, LAMBERT, INC., Defendant, Appellee.

No. 88–1448.

United States Court of Appeals, First Circuit.

Submitted June 29, 1988.

Decided Aug. 26, 1988.

Rehearing En Banc Denied Oct. 5, 1988.

---

Manuel E. Romeu, San Juan, P.R., on memorandum to show cause why appeal should not be dismissed, for plaintiffs, appellants.

Jorge A. Miranda, Hato Rey, P.R., on motion in response, for defendant, appellee.

Before COFFIN, BOWNES and SELYA, Circuit Judges.

PER CURIAM.

Plaintiffs brought an action seeking the delivery of securities allegedly illegally detained by defendants. Defendants, relying on a margin agreement calling for arbitration of disputes, moved to refer the controversy to arbitration. Plaintiffs opposed arbitration. They contended the purported margin agreement was not valid for a number of reasons, including forgery of a plaintiff's signature. The parties agreed to trial before a magistrate. (Docket entry 69.) The magistrate then reviewed the evidence and issued an opinion concluding that the margin agreement was valid and binding. Accordingly, he ordered the parties to submit their dispute to arbitration, but retained jurisdiction over the action pending the outcome of arbitration. Plaintiffs now appeal from this order directing arbitration. We conclude we have no jurisdiction.

■ The order compelling arbitration and retaining jurisdiction is not final in the traditional sense, as no judgment determining the entire controversy between the parties has entered. Contrary to appellant's assertion, the litigation has not ended. Rather, it has moved to another forum with the expectation that it will return to the magistrate for entry of a final judgment. *Hartford Financial Systems v. Florida Software Services*, 712 F.2d 724, 726 (1st Cir.1983) (order staying judicial proceeding and directing arbitration not a final judgment).

■ Nor, in view of the Supreme Court's overruling of the *Enelow–Ettelson* doctrine, is the order referring the case to arbitration appealable as an injunction under 28 U.S.C. § 1292(a)(1). *See Gulfstream Aerospace Corporation v. Mayacamas Corporation*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

■ Appellants contend the order is appealable under the *Cohen* collateral order doctrine. Adhering to their position that no valid arbitration agreement exists, they argue that this issue is separate from the underlying lawsuit and that unless immediate review is allowed they will be denied the proper forum—a court—and irreparably harmed by having to proceed to arbitration. Consequently, they contend, the arbitration order is effectively unreviewable unless reviewed now.

We disagree. On an appeal from a final judgment entered after the conclusion of arbitration, this court will be able to address appellants' arguments that no valid arbitration agreement existed and, if appropriate, to direct that the merits of appellants' claim for the delivery of securities be determined by the court rather than by the arbitrator. *See McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761 (2d Cir.1988) ("right to secure adjudication in a particular forum is not lost simply because enforcement is postponed"; order denying stay of proceedings pending arbitration held no longer appealable after *Gulfstream*); *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 198 (3d Cir.

**12**

1988) (validity of arbitration clause may be determined on appeal from final judgment after arbitration, and hence order staying court proceedings pending arbitration not immediately appealable under *Cohen*); *Hartford Financial Systems v. Florida Software Services,* 712 F.2d 724, 726 (1st Cir.1983). True, if plaintiffs are correct that no valid arbitration agreement existed, then the denial of immediate review will have required them to have incurred the expense of arbitration proceedings, but this type of inconvenience resulting "when a sound defense interposed early in a litigation is erroneously rejected" is the price of the final judgment rule and does not constitute irreparable harm. *Crist v. Miller,* 846 F.2d 1143, 1144 (7th Cir.1988).

Appellants ask that we treat their notice of appeal as a petition for mandamus, but we see no sufficient reason to invoke the extraordinary remedy of mandamus.

*Appeal dismissed; petition for mandamus denied.*