865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miguel A. GARGALLO, Plaintiff-Appellant,
v.
QUICK & REILLY CLEARING, Donald E. Griffith, Defendants-Appellees.
 No. 88-3242.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1988.
 
 1
 Before BOYCE F. MARTIN, Jr., and NATHANIEL JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of defendants' motion to dismiss the appeal for lack of jurisdiction and plaintiff's response in opposition. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Miguel A. Gargallo appeals the district court's order staying disposition of this civil action for alleged violations of the Securities and Exchange Act of 1934. Such orders had been appealable under the Enelow-Ettleson doctrine. See Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Mansbach v. Prescott, Ball & Turben, 598 F.2d 1017, 1022-23 (6th Cir.1979). However, the Supreme Court overruled the Enelow-Ettleson doctrine in Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133 (1988).
 
 
 4
 The order compelling arbitration and staying disposition is no longer automatically appealable as a final judgment. See Zosky v. Boyer, 856 F.2d 554, 555-60 (3d Cir.1988); De Fuertes v. Drexel, Burnham, Lambert, Inc., 855 F.2d 10, 11 (1st Cir.1988) (per curiam). The order is not appealable as a virtual injunction or as a "collateral order" because no irreparable harm will occur and delayed appellate review will result in no harm. See Zosky, 856 F.2d at 561. The district court has not certified the order for immediate appeal under 28 U.S.C. Sec. 1292(b). Nor do circumstances which would warrant the extraordinary remedy of mandamus appear to exist. See De Fuertes, 855 F.2d at 12. Accordingly, no jurisdictional basis exists.
 
 
 5
 Therefore, defendants' motion to dismiss is granted and this appeal is hereby dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation