**Juanita QUEIPO, etc.,**
**Plaintiffs, Appellees,**

v.

**PRUDENTIAL BACHE SECURITIES,**
**INC., Defendant, Appellant.**

**Nos. 88–1685, 88–2050.**

United States Court of Appeals,
First Circuit.

Feb. 9, 1989.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

## MEMORANDUM AND ORDER

Appellant has responded to orders to show cause why this court has appellate jurisdiction over these appeals. Appellees have moved in no. 88–1685 to dismiss the appeal for lack of appellate jurisdiction. We grant the motion to dismiss and dismiss both appeals for lack of jurisdiction. Loc. R. 27.1.

In both appeals, appellant seeks review of the district court's order denying appellant's motion for a stay of proceedings and an order compelling arbitration under sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3–4. The Supreme Court in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), has held that orders granting or denying stays of court proceedings are not appealable either as final judgments under 28 U.S.C. § 1291 or as injunctions under 28 U.S.C. § 1292(a)(1). Although it is true that, as appellant argues, the Supreme Court held open the possibility of appealability in appropriate circumstances under the collateral-order doctrine, 108 S.Ct. at 1143, the requirements for appealability under that doctrine are not met here. We held in *De Fuertes v. Drexel, Burnham, Lambert, Inc.*, 855 F.2d 10 (1st Cir. 1988), that orders granting motions to stay court proceedings and compel arbitration are not appealable under the collateral-order doctrine because they are not effectively unreviewable on appeal from a final judgment entered after the conclusion of arbitration. We reasoned: "True, if plaintiffs are correct that no valid arbitration agreement existed, then the denial of immediate review will have required them to have incurred the expense of arbitration proceedings, but this type of inconvenience resulting 'when a sound defense interposed early in a litigation is erroneously rejected' is the price of the final judgment rule and does not constitute irreparable harm." *Id.* at 12 (citation omitted). The same reasoning applies to an order denying a motion to stay proceedings and compel arbitration. If on appeal from a final judgment that order is overturned, denial of immediate review will have required appellant to have incurred the expense of court proceedings, but this potential inconvenience does not constitute irreparable harm and therefore does not render the order appealable as a collateral order. *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir.1988) ("the right to secure adjudication ina particular forum is not lost simply because enforcement is postponed").

The appeals are *dismissed.* Appellees' request in no. 88–1685 for an award of sanctions against appellant is *denied.*