USCA1 Opinion

 

 May 12, 1992 ____________________ No. 92-1133 CORION CORPORATION, Plaintiff, Appellant, v. GIH-HORNG CHEN, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Richard L. Alfred, Robert A. Bertsche and Hill and Barlow on __________________ ___________________ ________________ Response to Order to Show Cause and Reply Memorandum Regarding Appellate Jurisdiction, for appellant. Ellen J. Messing and Shilepsky, Messing & Rudavsky, P.C., on _________________ _____________________________________ Memorandum in Opposition to Appellant's Response to Show Cause Order and Reply Regarding Appellate Jurisdiction, for appellee. ____________________ ____________________ Per Curiam. The question before us is whether the __________ district court's lengthy memorandum and order determining that the parties' dispute is arbitrable is a final appealable order. We conclude that it is not. We turn to the background. I. _ Plaintiff Corion Corporation discharged defendant Gih-Horng Chen. Chen then invoked a provision in Corion's Personnel Policies Manual which provided that "[i]n situations involving . . . termination . . . , an aggrieved employee who is dissatisfied with top management's decision will be permitted to have the grievance arbitrated by an impartial third party" and demanded arbitration. Corion did not agree to arbitration and instead filed the instant action seeking 1) a declaration that Chen was not entitled to arbitrate the discharge decision (count 1) and 2) a declaration that plaintiff was entitled to discharge Chen (count 2). Corion maintained that the personnel handbook had no contractual force, but, even if it did, Chen had waived any right to arbitrate by failing to attend hearings Corion had scheduled to obtain Chen's input. Chen responded with two motions. The first asked the court to dismiss count two (Corion's request for a declaration that Corion was entitled to discharge Chen). The second sought both a stay of all court proceedings (including -2- filing an answer) pending arbitration and an order compelling arbitration. After briefing and argument, the district court issued an opinion concluding that the arbitration provision in the manual was contractually enforceable and applied to termination decisions. As for Corion's argument that Chen had waived any right to arbitrate, the district court ruled that the arbitrator was the one to decide that issue. The court's twenty-one page memorandum and order concluded with the following paragraph: For the foregoing reasons, Chen's motion to stay and compel arbitration is ALLOWED. For the same reasons, this Court has determined that an enforceable agreement to arbitrate exists. Chen's Motion to Dismiss Count II of the Complaint is ALLOWED. The case is ordered administratively closed pending the outcome of the arbitration. No separate document embodying the order has entered. II. __ Corion has appealed from the memorandum and order. Corion argues that the memorandum and order is a final decision appealable under 28 U.S.C. 1291 because Corion's entire lawsuit has been adjudicated. Count 2 (for a declaration that plaintiff was entitled to discharge Chen) has been dismissed, and count 1 (for a declaration that Chen is not entitled to arbitrate the discharge decision) has been effectively resolved against plaintiff by granting the motion -3- to compel arbitration, Corion contends. We disagree that the order is final. A _ First, the district court has not entered a judgment on a piece of paper separate from the underlying opinion as required by Fed. R. Civ. P. 58. Were the absence of a separate document a mere formality, the omission might be overlooked. See Fiore v. Washington County Community ___ _____ ____________________________ Mental Health Center, Nos. 91-1027, 91-1842, slip op. 21 (1st ____________________ Cir. March 30, 1992) (appellant waives the separate document rule by appealing). But cf. Wang Laboratories, Inc. v. ___ __ ________________________ Applied Computer Sciences, Inc., 926 F.2d 92, 96 (1st Cir. ________________________________ 1991) (case remanded to district court for entry of a separate document where appellee refused to waive separate document requirement). B _ Here, however, we think more than informality is involved. The court did not enter a separate document labelled final judgment, which would have signalled its view that the case had concluded. Nor did it dismiss the entire action. Rather, it granted defendant's motion to stay proceedings pending arbitration. This suggests that the district court itself did not intend to terminate its role or to enter a final judgment, but rather acted in a manner to retain jurisdiction pending the outcome of arbitration. To -4- be sure, the district court directed that the case be "administratively closed" pending arbitration. In the circumstances of this case, however, we do not think this is equivalent to a final judgment of dismissal. See Quinn v. ___ _____ CGR, 828 F.2d 1463 (10th Cir. 1987) (dismissing appeal from ___ order compelling arbitration and ordering the case "closed, to be reopened upon a showing of good cause" entered in a breach of contract action); Campbell v. Dominick & Dominick, ________ ____________________ Inc., 872 F.2d 358 (11th Cir. 1989) (dismissing appeal from ____ order directing arbitration, staying judicial proceedings, and closing the case for statistical purposes entered in an action seeking damages under the securities act); 15B C. Wright, A. Miller, & E. Cooper, Federal Practice and ______________________ Procedure 3914.17 at p. 13 n.11 (1992) (concluding that the _________ result in the Campbell case "implies that an order closing ________ the case for statistical purposes does not make a final judgment"). Rather, it is a reflection of the fact that the case is likely to be dormant until arbitration concludes. In short, we conclude that the district court has retained jurisdiction. In previous cases where a district court has retained jurisdiction pending the outcome of arbitration, we have concluded that an order staying proceedings pending arbitration or directing arbitration is not final or immediately appealable. De Fuertes v. Drexel, Burnham, ___________ _________________ -5- Lambert, Inc., 855 F.2d 10 (1st Cir. 1988), is instructive. _____________ There, the plaintiff sought to compel defendant to deliver securities. Defendant moved to refer the controversy to arbitration. Plaintiffs opposed arbitration, arguing the agreement to arbitrate was not valid but forged. Plaintiffs lost on that point in the district court, and the court ordered arbitration, but specifically retained jurisdiction pending the outcome of arbitration. Plaintiffs appealed. This court concluded that the order compelling arbitration and retaining jurisdiction was not appealable as a final decision because no judgment determining the entire controversy between the parties has entered. Contrary to appellant's assertion, the litigation has not ended. Rather, it has moved to another forum with the expectation that it will return to the [district court] for entry of a final judgment. Id. at 11. The opinion then went on to say that the ___ arbitration order was not immediately appealable under any exception to the final judgment rule and dismissed the appeal. Corion contends that De Fuertes is not controlling __________ and relies on a different line of cases for appealability. It points out that most courts have accepted that an order adjudicating an action which seeks nothing more than an order to compel arbitration is a final appealable order. See, ___ e.g., Abernathy v. Southern California Edison, 885 F.2d 525, ____ _________ ___________________________ -6- 530 n.18 (9th Cir. 1989) ("[A]n order compelling arbitration may be immediately appealed if it is the full relief sought. However, when the order staying the proceeding or compelling arbitration is only one step in the judicial proceedings and the case can be expected to return to the district court, the order is nonfinal and not subject to immediate appeal.") (citations omitted); 15C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, 3914.17 at pp. 10 n.7 and ______________________________ 15-19 (1992) ("an order granting or denying arbitration in an action that seeks only to compel arbitration ordinarily is appealable as a final judgment; if the same order is entered in an action seeking other relief, ordinarily it is not appealable as a final judgment"). It then argues that because the district court dismissed count two (the count seeking a declaration that Corion was entitled to discharge Chen) and effectively disposed of count one (seeking a declaration of non-arbitrability) by deciding that the dispute was arbitrable, Corion's action is now analogous to one in which the sole issue is arbitrability and the same finality rules should apply. In other words, just as a litigant desiring arbitration obtains a final judgment by structuring a lawsuit to seek no more than an order compelling arbitration, so too should a litigant who believes a dispute is not arbitrable obtain a final judgment by phrasing his action to seek no more than a declaration that -7- the dispute is not arbitrable. Now that, through dismissal of count two, Corion is in the position of the latter, finality should not be defeated by the district court's reaching out prematurely to assert jurisdiction over post- arbitration proceedings, or so the argument would run. We leave for another day the question whether, had Corion's action been limited to the request in count one for a declaration that the dispute was not arbitrable, finality could be defeated by the district court's purported retention of jurisdiction pending the outcome of arbitration, see ___ University Life Ins. Co. v. Unimarc Ltd., 699 F.2d 846, 848- _________________________ ____________ 50 (7th Cir. 1983) (finality of order directing arbitration in an independent action seeking only an arbitration order was not defeated by court's retention of jurisdiction to resolve any future disputes or to enforce any future award); Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co., 706 F.2d ___________________________ ____________________ 155, 157-58 (6th Cir. 1983) (order compelling arbitration, but retaining jurisdiction pending the outcome of arbitration, entered in an action seeking a declaration of non-arbitrability treated as final), for that is not this case. Corion did not ask the court to decide only arbitrability; it also asked the court to determine that Corion was entitled to discharge Chen. To be sure, the court has dismissed the second count in view of its determination that the personnel manual arbitration provision was -8- enforceable. But it has not purported to enter a final order, and it may well contemplate re-examining that dismissal depending upon the outcome of arbitration. For example, the court declined to determine whether Chen had waived his right to arbitrate, as it concluded that that issue was for the arbitrator. Should the arbitrator, however, agree with Corion's position that Chen waived arbitration, then, presumably, the court may reinstate count two. Until a final judgment enters, the court is free, subject to law of the case principles, to re-examine its orders. In short, we do not think that the district court has impermissibly reached out to assert or retain jurisdiction over the lawsuit. Corion points to several cases which, it says, support its position that the district court's memorandum and order is final and appealable. We address two which are representative of Corion's position. First is County of __________ Middlesex v. Gevyn Constr. Corp., 450 F.2d 53 (1st Cir. _________ _____________________ 1971), cert. denied, 405 U.S. 955 (1972). There, the county ____________ sought a declaration that it was not obligated to arbitrate various construction disputes. The defendant responded with a motion to compel arbitration and to enjoin the county from spending the unpaid construction balance. The district court did not grant the injunction, but did order arbitration and stayed further judicial proceedings. The county appealed the -9- arbitration order, and this court decided the merits of the appeal without discussing appealability. Subsequently, this court in Langley v. Colonial Leasing Co. of New England, 707 _______ ___________________________________ F.2d 1 (1st Cir. 1983), in an effort to explain the basis for appellate jurisdiction in the Middlesex case, stated that _________ "Middlesex was a declaratory judgment action in which the _________ district court's 'order compelling arbitration' was in reality a full final judgment." Langley, 707 F.2d at 3. _______ Corion argues the same principles apply to it. The district court's determination that the dispute is arbitrable coupled with its dismissal of count two is in reality a full final judgment. Middlesex is distinguishable. The county in the _________ Middlesex case did not ask the court to decide the merits of _________ the parties' underlying dispute as did Corion in the present case by requesting a declaration that it was entitled to discharge Chen. Hence, the arbitration order in Middlesex _________ did dispose of the one substantive dispute -- arbitrability - - submitted to the court (albeit leaving unresolved the matter of ancillary injunctive relief). In contrast, in the present case, Corion has asked the district court to adjudicate the parties' dispute, and the district court, by declining to enter a final judgment on a separate piece of paper, has left open the possibility that it may, depending upon the results of arbitration, do just that. -10- Second, Corion points to Robbins v. George W. ______ _______ __________ Prescott Pub. Co., 614 F.2d 3 (1st Cir. 1980). There, the __________________ plaintiff sued his employer for breach of an employment contract. The district court ordered the defendant to arbitrate the dispute even though, under the terms of the applicable collective bargaining agreement, the union -- not the employee -- had the power to initiate arbitration, but the union (not a party to the suit) had declined to do so. In according appellate review, this court noted that the order might be appealable as a final judgment under 28 U.S.C. 1291 because, arbitration having been ordered, "it could be thought that nothing was left for the court but supervision." Ultimately, however, this court did not definitely so hold because it concluded that even if the order was not appealable under 1291, mandamus was appropriate in view of the importance of guarding against federal court interference with the collective bargaining process. We are not presented here with such policy concerns. Furthermore, we do not think the district court was necessarily left with "nothing . . . but supervision." Rather, if the arbitrator decides that Chen waived his right to arbitration, the court may end up adjudicating exactly what Corion asked the court to decide -- whether Corion was entitled to discharge Chen. On these grounds Robbins is not controlling. _______ C _ -11- In addition to the absence of a separate document and the wording of the final paragraph of the 21-page memorandum and order, policy considerations influence our conclusion that no final judgment has entered in the present action and our disinclination to analogize the present action to one seeking no more than a determination concerning arbitrability. It is true that an order compelling arbitration entered in an action seeking only an arbitration order has been considered final and immediately appealable by the party resisting arbitration. See, e.g., Graphic Communications ___ ____ _______________________ Union, Local 2 v. Chicago Tribune Co., 779 F.2d 13, 14-16 ______________ ____________________ (7th Cir. 1985). That is not because it is desirable or efficient to bifurcate a controversy over termination into two separate lawsuits -- the first concerning the forum and the second either the merits (if the dispute is not arbitrable) or challenges to the arbitrator's decision (if the dispute is arbitrable). It is not. See Abernathy, 885 ___ _________ F.2d at 528 n.13 (9th Cir. 1989) ("We recognize that under 1291 an order compelling arbitration may be immediately appealed if it is the complete relief sought. . . . We also recognize that permitting direct appeals of such orders is inconsistent with the policies underlying the arbitration process. Nevertheless, until the Supreme Court or Congress acts, the final judgment cases require such an outcome."); -12- Zosky v. Boyer, 856 F.2d 554, 560 (3d Cir. 1988), cert. _____ _____ _____ denied, 488 U.S. 1042 (1989) (same); Graphic Communications ______ ______________________ Union, 779 F.2d at 15 ("it is rather a fluke in the law that _____ allows an order to arbitrate to be appealed before the arbitration is completed"). Immediate appellate review of an order compelling arbitration "frustrate[s] the policy favoring speedy resolution of labor disputes through arbitration." United Food & Commercial Workers Local 197 v. __________________________________________ Alpha Beta Co., 736 F.2d 1371, 1373-74 n.3 (9th Cir. 1984). ______________ The delay in arbitration wrought by immediate appellate review of the forum decision plus the inefficiency of an appellate court having to hear two appeals (first from the arbitration order and second from the order enforcing (or setting aside) the arbitrator's decision), rather than one, make for lengthier and more expensive dispute resolution, at least in circumstances where the dispute was arbitrable. But immediate appealability of an arbitration order in a lawsuit which seeks no more than an order directing arbitration is the price or consequence of the final judgment rule, for once the order to arbitrate enters, the court has disposed of the entire controversy then before it. But see 15C C. Wright, A. ___ ___ Miller, & E. Cooper, Federal Practice and Procedure, ________________________________ 3914.17 at p. 26 (1992) (suggesting a revision of finality concepts under which an arbitration order entered in an independent action brought solely to compel arbitration would -13- not be immediately appealable, the theory being that "it is always better to keep a case open after ordering arbitration as the most efficient vehicle for reviewing any subsequent challenges and ordering enforcement"). The systemic delay and inefficiency caused by immediate appeals of arbitration orders will tend to predispose us, whenever possible consistent with the final judgment rule, to view an arbitration order as but an interlocutory order entered in an ongoing lawsuit (and not immediately appealable), rather than as a final resolution of a discrete controversy. Here, for the reasons earlier explained, we think that the district court has not finally resolved the entire controversy before it, but rather has specifically left open the possibility of revisiting the decision to dismiss count two and that consequently the district court's order allowing Chen's motion to stay and compel arbitration is not a final appealable order. Appeal dismissed. ________________ -14-