**BULL HN INFORMATION SYSTEMS INC., Plaintiff,**

v.

**Charles J. HUTSON, Defendant.**

**No. CIV. A. 96–10523–RCL.**

United States District Court,
D. Massachusetts.

May 18, 1998.

David B. Chaffin, Robert T. Nagle, Hare & Chaffin, Boston, MA, for Bull HN Information Systems Inc.

Nelson G. Harris, Raleigh, NC, David J. Burgess, Dwyer & Collora, Boston, MA, for Charles J. Hutson.

Robert C. Paschal, Young, Moore, Henderson & Alvis, Raleigh, NC, for Continental Casualty Co.

Stephen A. Dunn, Emanuel & Emanuel, Raleigh, NC, James J. Ciapciak, Duggan, Caccavaro & Ciapciak, Norwood, MA, for Metropolitan Life Insurance Co.

Robert T. Nagle, Hare & Chaffin, Boston, MA, for Bull HN Retirement Administrative Committee.

***MEMORANDUM AND ORDER ON MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDERS AND JUDGMENT, TO VACATE MODIFIED ARBITRATION AWARD AND TO STAY (# 50), EMERGENCY MOTION FOR EXPEDITED TREATMENT OF MOTION TO STAY, ETC. (# 53) AND APPLICATION TO CONFIRM MODIFIED PHASE I AWARD OF THE ARBITRATOR (# 56)***

COLLINGS, United States Magistrate Judge.

Arbitration has been defined as

a form of dispute resolution designed to save the parties time, money, and effort by substituting for the litigation process the

advantages of speed, simplicity, and economy associated with arbitration.

David D. Seigel, *Practice Commentary,* 9 U.S.C.A. § 16, at 219 (West Supp.1998)

More than three years have passed since the initiation of arbitration in the instant matter and, unfortunately, this case is now before the Court for a second time. The advantages ascribed to the arbitral process appear to be quickly dwindling.[1]

For contextual purposes, a brief review:[2] Defendant Charles J. Hutson ("Hutson") is a former employee of plaintiff Bull HN Information Systems, Inc. ("Bull HN") who, in 1995, filed a demand for arbitration pursuant to the terms of a 1990 Sales Compensation Plan ("the Plan") with respect to commissions he claimed Bull HN owed him, as well as certain other allegedly unpaid benefits. Following a two-day hearing held in November, 1995, the arbitrator issued the "Phase I Award of the Arbitrator" on February 12, 1996. The present case was filed on March 11, 1996, after the arbitrator denied Bull HN's motion for reconsideration.

The initial pleading in this action was an Application To Vacate Arbitration Award Pursuant To 9 U.S.C. § 10 And For Stay Of Further Arbitration Proceedings And Complaint For Declaratory Judgment (# 1). Count I therein requested that the Phase I Award be vacated pursuant to 9 U.S.C. § 10. In Count II, Bull HN sought a stay of future arbitration proceedings pending a ruling on Count I. Finally in Count III the plaintiff prayed for relief in the form of a declaratory judgment that Hutson's ERISA claims were not arbitrable. By way of an answer, the defendant submitted an Application To Confirm Arbitration Award and Motion To Compel Arbitration and Response To Plaintiff's Application To Vacate Arbitration Award Pursuant to 9 U.S.C. Section 10 And For Stay Of Further Arbitration Proceedings And Complaint For Declaratory Judgment (# 5). After cross-motions for summary judgment were filed, in April of 1997 with the parties' consent the case was referred ·and

reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

On October 23, 1997, a hearing on the merits of the parties' competing applications was held. Shortly thereafter on November 10, 1997, I issued an Opinion and Order allowing in part and denying in part each of the parties' applications. On that same day, a separate judgment entered in the case as follows:

> This case came on before the Court, the Honorable Robert· B. Collings, United States Magistrate Judge, presiding, on the plaintiff's Application to Vacate Arbitration Award, Etc. (# 1) and the defendant's Application to Confirm Arbitration Award, Etc. (# 5). In accordance with the Opinion entered this date,
>
> IT IS ORDERED AND ADJUDGED:
>
> The Arbitration Award is VACATED and the matter is REMANDED to the Arbitrator for further proceedings consistent with the Opinion.
>
> The Complaint for Declaratory Judgment is DISMISSED.
>
> The Arbitration Award is NOT CONFIRMED.
>
> No costs.

Judgment # 49.

The case was officially closed on the Court's docket on November 13, 1997.

Upon remand, on February 24, 1998 the arbitrator issued a Modified Phase I Award of the Arbitrator. Aggrieved once more by the award, Bull HN has filed a Motion To Compel Compliance With Court's Orders And Judgment, To Vacate Modified Arbitration Award, And To Stay (# 50), a memorandum of law in support (# 51), a Declaration of Counsel (# 52) and an Emergency Motion for Expedited Treatment of Motion for Stay, Etc. (# 53). The plaintiff takes the position that the Court has jurisdiction over its motion. Nevertheless, a Procedural Order is-

---

**1.** This is particularly true given that to date the arbitrator has only decided the issues raised in Phase I of the arbitration. Further issues remaining outstanding.

**2.** A more thorough recitation of the facts may be found in my prior Opinion And Order. *See Bull HN Information Systems Inc. v. Hutson,* 983 F.Supp. 284, 286–8 (D.Mass.1997).

sued requiring the defendant to state his view on the question of whether

> the Court has the power to reopen this case and decide the plaintiff's motion, or whether, in the procedural posture of the case at this point, plaintiff must file a new action against the defendant in order to seek to obtain the relief sought by the motion.

Procedural Order # 54.

Following a short extension of time, Hutson filed an Application To Confirm Modified Phase I Award Of The Arbitrator and Response To Motion To Compel Compliance With Court's Orders And Judgment, To Vacate Modified Arbitration Award, And To Stay (# 56) together with a supporting memorandum of law (# 57). In the defendant's opinion, too, the Court has the power to reopen this case and decide the parties' applications[3]. (# 56 at 2 ¶ 4)

██] Bull HN contends that the Court has the power to enforce its orders against the arbitrator pursuant to Rule 71, Fed.R.Civ.P., which provides:

> When an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as if a party.

The Court has found no instance in which this rule has been applied in the manner suggested by plaintiff. *See generally* 13 *Moore's Federal Practice,* § 71.04 (Matthew Bender 3d ed.); Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 3033 (1997). Moreover, the cases upon which Bull HN relies quite simply are not comparable to the circumstances at hand. *See City of Las Vegas v. Clark County,* 755 F.2d 697 (9th Cir.1984)(a district court retains jurisdiction to enforce a consent decree); *South v. Rowe,* 102 F.R.D. 152 (N.D.Ill.1984), *aff'd in part and rev'd in*

*part on other grounds,* 759 F.2d 610 (7 Cir., 1985)(same); *Lavapies v. Bowen,* 687 F.Supp. 1193, 1207 (S.D.Ohio 1988), *aff'd,* 883 F.2d 465 (6th Cir.1989)("Under Rule 71, a non-party who established standing to proceed as a third-party beneficiary of a settlement agreement or consent decree may pursue enforcement of that agreement or decree." (citations omitted)). In short, I do not interpret Rule 71 as permitting the Court to act in an ongoing supervisory role once an arbitration award has been vacated and final judgment has entered.

██] An order vacating an arbitration award under 9 U.S.C. § 10 is appealable in accordance with 9 U.S.C. § 16(a)(1)(E). Therefore, either party could have appealed the Judgment entered on November 10, 1997; neither party did so. The Judgment undoubtedly meets the requirements of Rule 58, Fed.R.Civ.P. All of the claims in the applications were addressed, and there was no express or implied retention of jurisdiction over the case. In this regard the circumstances contrast with those present in the case of *Corion Corporation v. Chen,* 964 F.2d 55 (1 Cir.1992). At the conclusion of a written opinion, the district judge in *Corion* allowed a motion to stay and compel arbitration, and then ordered the case "administratively closed pending the outcome of the arbitration" although no separate document incorporating that order was ever entered. *Id.* at 56. Discussing whether the memorandum and order was a final decision and thus appealable, the First Circuit wrote:

> First, the district court has not entered a judgment on a piece of paper separate from the underlying opinion as required by Fed.R.Civ.P. 58. Were the absence of a separate document a mere formality, the omission might be overlooked. *See Fiore v. Washington County Community Mental Health Center,* 960 F.2d 229, 238–39 (1st Cir.1992) (appellant waives the separate document rule by appealing). *But cf. Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.,* 926 F.2d 92, 96 (1st Cir.1991) (case remanded to district court

---

**3.** Hutson's counsel proffers only his conclusory opinion on the issue; he cites no legal authority

in support of the opinion.

for entry of a separate document where appellee refused to waive separate document requirement).

Here, however, we think more than informality is involved. The court did not enter a separate document labelled final judgment, which would have signalled its view that the case had concluded. Nor did it dismiss the entire action. Rather, it granted defendant's motion to stay proceedings pending arbitration. This suggests that the district court itself did not intend to terminate its role or to enter a final judgment, but rather acted in a manner to retain jurisdiction pending the outcome of arbitration. To be sure, the district court directed that the case be "administratively closed" pending arbitration. In the circumstances of this case, however, we do not think this is equivalent to a final judgment of dismissal. *See Quinn v. CGR,* 828 F.2d 1463 (10th Cir. 1987) (dismissing appeal from order compelling arbitration and ordering the case "closed, to be reopened upon a showing of good cause" entered in a breach of contract action); *Campbell v. Dominick & Dominick, Inc.,* 872 F.2d 358 (11th Cir. 1989) (dismissing appeal from order directing arbitration, staying judicial proceedings, and closing the case for statistical purposes entered in an action seeking damages under the securities act); 15B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3914.17 at p. 13 n. 11 (1992) (concluding that the result in the *Campbell* case "implies that an order closing the case for statistical purposes does not make a final judgment"). Rather, it is a reflection of the fact that the case is likely to be dormant until arbitration concludes. In short, we conclude that the district court has retained jurisdiction.

*Corion,* 964 F.2d at 56–7.

The present case was not closed merely for administrative purposes, nor is there any basis for finding retained jurisdiction.[4]

To summarize, having reviewed the law cited by the plaintiff and undertaking independent legal research on the issue, although the answer is not crystal clear, at this point in time subsequent to the entry of final judgment I must conclude that I now have no jurisdiction to take further action in this case. In order for the parties to proceed with their respective applications, a new, albeit related, civil action must be filed. If the parties filed the appropriate consent form, the new case will be assigned to the undersigned.

Accordingly, it is ORDERED that the Motion to Compel Compliance with Court's Orders and Judgment, to Vacate Modified Arbitration Award, and to Stay (# 50), the Emergency Motion for Expedited Treatment of Motion for Stay, Etc. (# 53) and Application to Confirm Modified Phase I Award of the Arbitrator (# 56) be, and the same hereby are, DENIED without prejudice for lack of jurisdiction.

---

**4.** As a result of the opinion and holding in the case of *Seacoast Motors of Salisbury, Inc. v. Chrysler Corporation,* 143 F.3d 626 (1st Cir. 1998), it is now clear that even if the District Judge in the *Corion* case had entered what purported to be a final judgment dismissing the case and had not done anything to retain jurisdiction, the result in *Corion* would have been the same. In the *Seacoast Motors* case, the plaintiff had filed a suit for damages and the defendant had "moved for 'an order dismissing or, alternatively, staying the action and compelling the plaintiff...to proceed with arbitration'" under 9 U.S.C. §§ 3, 4. *Id.* at 627. The First Circuit concluded that it had no appellate jurisdiction when the district court had granted a motion to compel arbitration and had entered a judgment dismissing the case rather than staying it. *Id.* at 627–28. In other words, "a dismissal without prejudice in deference to arbitration in the context of an embedded proceeding" is not an appealable decision. *Id.* at 627. However, I cite the *Corion* opinion for its discussion of the circumstances in which a district court can be said to have retained jurisdiction and thus retained the power to act after judgment has entered and the circumstances which would indicate that jurisdiction has not been retained and the district court has no power to act.