DENNIS, Circuit Judge,
concurring:
I concur fully in Chief Judge Little’s excellent opinion and write separately only to elaborate on the reasons why we have appellate jurisdiction over this matter.
The Federal Arbitration Act (“FAA”) permits appeal of any “final decision with respect to an arbitration” that is subject to the Act. 9 U.S.C. § 16(a)(3). On the other hand, “[ejxcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order ... (1) granting a stay of any action under section 3 of this title; [or] (2) directing arbitration to proceed under section 4 of this title....” 9 U.S.C. § 16(b)(l)-(2).[1] *713 Thus, an order compelling arbitration is appealable only if it is a final order. In other words, the finality of the district court’s order determines this court’s jurisdiction over the present appeal.
Prior to the Supreme Court’s opinion in Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), this circuit established that “[t]he appropriate test of finality is whether the order involved an independent or embedded proceeding. An order involving an embedded proceeding is always an interlocutory order; an order involving an independent claim is always final.” Altman Nursing, Inc. v. Clay Capital Corp., 84 F.3d 769, 771 (5th Cir.1996). The Altman Nursing court explained the independent/embedded distinction as follows: “ ‘Generally, if the only issue before the court is the dispute’s arbitrability, the action is considered independent and a court’s decision on that issue constitutes a final decision. If, however, the case includes other claims for relief, an arbitrability ruling does not end the litigation on the merits, but is considered interlocutory only.’ ” Id. (quoting McDermott Int’l, Inc. v. Underwriters at Lloyds, 981 F.2d 744, 747 (5th Cir.1993)).
In Green Tree, the Court established a different analytical framework for determining whether an arbitration order is an appealable “final decision” or an unappealable “interlocutory order.” “The Court held that an order dismissing an entire action with prejudice and ordering arbitration is an appealable final decision under § 16(a)(3), regardless of whether the action would be deemed ‘independent’ or ‘embedded’ by courts, like ours, that embraced that distinction.” Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 92 (2d Cir.2002).[2] Rather, the Court applied the “well-developed and longstanding” definition of “final decision”: “It is a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.” Green Tree, 531 U.S. at 86, 121 S.Ct. 513 (internal quotation and citations omitted). The Court further noted, however, that, “[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.” Id. at 87 n. 2, 121 S.Ct. 513.
Here, the district court entered an order in each action that (1) compelled arbitration under section 4 of the FAA, (2) stayed the state-court proceedings, and (3) closed the case. Each component of those orders merits brief discussion.
First, in Green Tree, the Supreme Court returned our jurisdictional analysis to the “plain language oí the statutory text” of the FAA. See id. at 88, 121 S.Ct. 513. Section 4 of the FAA permits a party seeking to compel arbitration to file suit solely for that purpose. See 9 U.S.C. § 4; see also Edith H. Jones, Appeals of Arbitration Orders — Coming Out of the Serbo-nian Bog, 31 S. Tex. L.Rev. 361, 373-76 (1990). When a decision on arbitrability is the sole object of a civil action, the district court’s determination of that issue amounts to an immediately appealable “final decision” because it “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” In this case, the Appellees filed independent actions in the district court. By compelling arbitration, the court resolved the only issue before it in each action. The orders are therefore final decisions, and we have jurisdiction to hear this appeal under section 16(a)(3) of the FAA.
*714 Second, the stay of the state-court proceedings does not impact our jurisdictional analysis. Although section 3 of the FAA allows courts to stay litigation brought before them, the statute does not authorize federal courts to enjoin ongoing state proceedings.[3] Consequently, the district court did not grant “a stay of any action under section 3 of this title.... ” 9 U.S.C. § 16(b)(1) (emphasis added). More importantly, because the district court reached final decisions with respect to arbitration, the stay component of its orders did not transform them into unappealable “interlocutory orderfs]” under section 16(b). See Sphere Drake Ins. PLC v. Marine Towing, Inc., 16 F.3d 666, 667-68 (5th Cir.1994). “There is nothing interlocutory about an order compelling arbitration that does all that the court has to do.” Clarendon Nat’l Ins. Co. v. Kings Reinsurance Co., 241 F.3d 131, 135 (2d Cir.2001). Accordingly, the stay- does not prevent us from exercising appellate jurisdiction.[4]
Third, in my opinion, the closure component of the orders reveals the district court’s intention to both retain jurisdiction and administratively close the case. It is not uncommon for district courts to compel arbitration but also retain jurisdiction pending the arbitration for the purpose of addressing any subsequent motions to confirm, modify, or vacate the award.[5] But *715 the retention of jurisdiction pending arbitration creates an administrative problem for the district court because the action is likely to remain dormant for an appreciable period of time, and chief judges (at both the appellate and district-court levels) have a sixth sense for cases that appear to be languishing. The administrative closure solves this problem by providing a vehicle for the district court to remove the case from its active files without making any final adjudication. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 392 (1st Cir.1999). Thus, the administrative closure reflects nothing more than the federal courts’ overarching concern with tidy dockets; it has no jurisdictional significance.[6]
In an effort to cast their case in the same mold as Green Tree, the Appellants argue that an order closing a case issued in an independent proceeding is the functional equivalent of a dismissal.[7] If we were to accept their argument, however, we would be attributing jurisdictional significance to a designation not sanctioned by the Federal Rules that is typically made for administrative or statistical convenience. This we cannot do. Although the Appellants prevail under the plain meaning of FAA section 16(a)(3), their “functional equivalent” argument lacks merit.
The Appellees, on the other hand, raise their own functional equivalent argument: they suggest that we treat the closure order as a stay order, which would, in turn, deprive us of appellate jurisdiction under footnote two of the Green Tree decision.[8] This argument likewise fails, for it loses sight of the final judgment rule. In an independent proceeding, an order that is otherwise final — such as those entered in the present case — does not lose its finality because the district court retains jurisdiction to supervise compliance with the order or to enforce an arbitration award. Amgen, Inc. v. Kidney Ctr. of Delaware County, Ltd., 95 F.3d 562, 566 (7th Cir.1996) (“[A]n order in an independent proceeding can still be final even if the district court retains jurisdiction over the case to supervise compliance with the order.”); North River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160, 164 (2d Cir.1995); University Life Ins. Co. of Am. v. Unimarc Ltd., 699 F.2d 846, 848-50 (7th Cir.1983). Moreover, even if the district court had stayed these independent proceedings pending arbitration, the order *716 compelling arbitration would still resolve the only issue before the court in each action, and therefore an immediate appeal from the order would still be permitted. See supra note 4. In short, even though the district court probably intended to retain jurisdiction over these actions, neither the retention of jurisdiction nor the closure of the cases affects appealability.[9]
Although immediate appeal from an order compelling arbitration may frustrate the oft-cited federal policy favoring arbitration, policy concerns must yield to the plain language of the statutory text of the FAA. See Green Tree, 531 U.S. at 85-89, 121 S.Ct. 513. See also Corion Corp., 964 F.2d at 59 (“[Ijmmediate appealability of an arbitration order in a lawsuit which seeks no more than an order directing arbitration is the price or consequence of the final judgment rule, for once the order to arbitrate enters, the court has disposed of the entire controversy then before it”). In this case, then, we have appellate jurisdiction under section 16(a)(3) of the FAA because the district court entered “final decision[s]” by compelling arbitration in actions brought solely for that purpose.

. Appellate review is permitted under the 28 U.S.C. § 1292(b) exception i£ the district court certifies an order for immediate appeal.

. The Green Tree case would have qualified as an "embedded” proceeding under our definition of that term in Altman Nursing.

. See Jean R. Sternlight, Forum Shopping for Arbitration Decisions: Federal Courts’ Use of Antisuit Injunctions Against State Courts, 147 U. Pa. L.Rev. 91, 114 (1998) ("Nothing in either the language or the legislative history of the FAA shows that Congress intended to allow federal courts to enjoin state actions to support the enforcement of arbitration agreements.”). The district court’s authority to issue arbitral antisuit injunctions directed at state-court proceedings derives, instead, from the All Writs Act, 28 U.S.C. § 1651(a). Id. at 146. Congress, however, has limited the injunction power conferred by the All Writs Act. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The district court based its stay on the third exception contained in the Anti-Injunction Act, stating that “a stay is required to protect or effectuate this court’s judgment and order that the controversy between the parties be submitted to arbitration.” Because an order compelling arbitration entered in an independent proceeding is a final decision, it also qualifies as a "judgment” under the Anti-Injunction Act. See Sternlight, supra, at 170-77. But cf. id. at 177 (stating that the third exception "would not seem to apply where an entire case on the merits was filed in federal court”). Thus, the stay entered by the district court was valid as a matter of law. But this finding does not mean that the stay was "necessary as a matter of practicality.” Id. "Once the federal court has issued an order compelling arbitration, parties would risk sanctions such as contempt of court by refusing to follow the order.” Id. In short, federal courts should examine closely both the legality and the necessity of a stay pending arbitration prior to interfering with a state-court suit.

. Even if one of the parties to the arbitration agreement had successfully moved to stay the federal-court proceedings pending arbitration, our jurisprudence indicates that the district court’s orders would still constitute immediately appealable final decisions. See Sphere Drake, 16 F.3d at 668 (holding, in an independent proceeding, that an order compelling arbitration that also stayed all federal and state litigation pending between the parties was final).

. The federal courts of appeals have consistently found that district courts intend to retain jurisdiction when they stay proceedings pending arbitration. See, e.g., Corion Corp. v. Chen, 964 F.2d 55, 56-57 (1st Cir.1992); see also Jolley v. Paine Webber Jackson & Curtis, Inc., 864 F.2d 402, 405 (5th Cir.1989) ("While an order granting a stay postpones active litigation in the district court, it contemplates that the district court will retain jurisdiction to confirm, modify, or, in some cases, to renew the litigation despite the arbitration award.”). Yet, in an independent proceeding, a stay would not affect the finality or appeala-bility of an order compelling arbitration. See supra note 4.

. See Lehman, 166 F.3d at 392 ("Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository. In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application.”) (internal quotation and citation omitted). I acknowledge that the district court here did not specifically direct that the cases be "administratively closed." But a court's use of an imprecise or misleading label cannot alter the character of its action. See id. at 391 n. 2 (treating a "procedural order of dismissal” as an administrative closure of the case).

. In proceedings where the litigants place more than the issue of arbitrability before the district court, an order compelling arbitration and closing the case is not equivalent to a final judgment of dismissal. See Filanto, S.p.A. v. Chilewich Int’l Corp., 984 F.2d 58, 61 (2d Cir.1993); see also ATAC Corp. v. Arthur Treacher’s, Inc., 280 F.3d 1091 (6th Cir.2002) (rejecting an argument that a perpetual stay coupled with a closing order does not differ from a final judgment of dismissal); Corion Corp., 964 F.2d at 56-60 (holding that an order compelling arbitration, staying proceedings, and administratively closing the case is not final).

. See Green Tree, 531 U.S. at 87 n. 2, 121 S.Ct. 513. ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.").

. The Appellees bravely complain that this appeal is impeding arbitration. Any delay, however, is of their own making. They decided to file independent actions in federal court instead of moving to compel arbitration in the earlier-filed state-court proceedings. This appeal is one of the consequences of that strategic decision.